IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TANIA EVETTE WRIGHT,

            Plaintiff,

v.                                                                                                       ORDER

THE SHALOM CENTER OF INTERFAITH                    21-cv-280-jdp
NETWORK OF KENOSHA COUNTY, INC.,

            Defendant.

---

Plaintiff Tania Evette Wright, appearing pro se, alleges that she was fired for abandoning her job at the Shalom Center of Interfaith Network of Kenosha County despite the Shalom Center approving her leave of absence. I granted Wright leave to proceed on claims under the Family and Medical Leave Act, the Families First Coronavirus Response Act, and the Employee Retirement Income Security Act. Dkt. 4.

The Shalom Center has filed a motion to dismiss or transfer the case for improper venue. Dkt. 10. Under 28 U.S.C. § 1391(b), venue is proper where defendants reside or where the events giving rise to the claim took place. A corporation resides in any district "within which its contacts would be sufficient to subject it to personal jurisdiction." Section 1391(d). A declaration from Tamarra Coleman, the executive director of the center, states that it is located in Kenosha (which is in the Eastern District of Wisconsin); that it operatives exclusively in Kenosha County, serving food, shelter, and guidance to low-income and homeless people there; and that the events described in Wright's complaint occurred in Kenosha County. Dkt. 11. Wright doesn't dispute these assertions, instead arguing that the case should remain in the Western District for statute-of-limitations purposes. *See* Dkt. 12.

Given the undisputed facts regarding the Shalom Center's location and the events in the complaint, I conclude that venue is improper here in the Western District and I will grant the Shalom Center's motion. Wright's concern about the statute of limitations is not a reason to keep the case in this court. But Wright won't have to start over with a new lawsuit: instead of dismissing the case I will transfer it to the Eastern District. *See* 28 U.S.C. § 1406(a) (When venue is improper, the court must dismiss the case, or if it is in the interest of justice, transfer the case to any district where it could have been brought.).

That leaves an additional motion by each party. The Shalom Center has filed a motion for a more definite statement. Dkt. 10. Wright asks for the court's assistance in recruiting her counsel. Dkt. 12. Given my transfer of the case for improper venue, it is appropriate to leave those motions for the Eastern District to decide.

ORDER

IT IS ORDERED that defendant's motion to dismiss or transfer the case for improper venue, Dkt. 10, is GRANTED in part. This case is TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

Entered November 17, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge