UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TANIA EVETTE WRIGHT,

      Plaintiff,

  v.

THE SHALOM CENTER OF INTERFAITH
NETWORK OF KENOSHA COUNTY, INC.,

      Defendant.

Case No. 21-cv-1324-pp

---

**ORDER DENYING DEFENDANT'S MOTIONS FOR MORE DEFINITE STATEMENT (DKT. NOS. 20, 21) AND REQUIRING DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

---

On April 26, 2021, the plaintiff filed a complaint in the Western District of Wisconsin against her former employer. Dkt. No. 1. Chief Judge James Peterson screened the complaint and allowed the plaintiff to proceed on alleged violations of the Family Medical Leave Act (FMLA), the Families First Coronavirus Response Act (FFCRA) and the Employee Retirement Income Security Act (ERISA). Dkt. No. 4. The defendant filed a motion to transfer venue, along with a motion for a more definite statement. Dkt. No. 10. Judge Peterson granted the motion to transfer venue to the Eastern District of Wisconsin but did not rule on the motion for a more definite statement. Dkt. No. 14. After the case had been transferred to this district, the defendant filed a renewed motion for a more definite statement, dkt. no. 20, then filed a second

1

renewed motion for a more definite statement,[1] dkt. no. 21. The court will deny both motions because the complaint, and the attachment, are neither vague nor ambiguous.

## I. Legal Standard

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for a more definite statement are generally disfavored, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). Such motions are not to be used as substitutes for discovery. Id. "Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving." Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998).

## II. Analysis

The defendant argues that the plaintiff has failed to set forth her allegations in separately numbered paragraphs and/or file a short and plain statement of complaint as required by the Federal Rules of Civil Procedure. Dkt. No. 20 at 2 (citing Fed. R. Civ. P. 8, 10). The defendant argues that Judge Peterson's screening order's "preliminary identification of possible causes of action misses that Defendant does not meet the requisite number of employees to be subject to suit under the FMLA and FFCRA (through no fault of Judge Peterson of course)." Id. at 2-3. The defendant argues that the court should

---

[1] The second motion calls attention to the fact that the plaintiff failed to oppose the first motion; perhaps it should have been docketed as the defendant's reply brief.

2

Case 2:21-cv-01324-PP   Filed 05/19/22   Page 2 of 4   Document 22

order the plaintiff to allege that the minimum employee threshold has been met for each of the federal statutory provisions upon which she relies. Id. at 3. The defendant also asserts that a more definite statement would confirm that the plaintiff sought time off to care for her mother and her daughter, which would not invoke a short-term disability claim under ERISA. Id. The defendant says that once the claims are "crystallized," any ERISA claims "can be quickly and efficiently disposed of via a Fed. R. Civ. P. 12(c) motion or a brief Fed. R. Civ. P. 56 motion." Id. at 4. The plaintiff has not filed a response.

The defendant correctly notes that the complaint, dkt. no. 1, to which the plaintiff attached a narrative of her statement of the claims, id. at 4-8, fails to comply with the separately "numbered paragraph" requirements of Rule 10. See Fed. R. Civ. P. 10(b). But the plaintiff organized the statement in paragraphs—albeit not numbered—and explained in chronological order who did what and when. The primary purpose of rules like Rules 8 and 10 "is to give defendants fair notice of the claims against them and the grounds supporting the claims." Standard v. Nygren, 658 F.3d 792, 796-97 (7th Cir. 2011). The defendant has fair notice and the allegations are neither vague nor ambiguous as contemplated by Rule 12(e). Judge Peterson reviewed the complaint and identified possible claims under the FMLA, the FFCRA, and ERISA; he also summarized the factual bases for the claims. Judge Peterson explained: "I take her to be saying that she desired to take leave in part to care for her disabled mother and minor daughter, and in part because of her concerns about the lack of COVID-19 safety procedures at the shelter." Dkt. No. 4 at 1-2. The defendant's second motion, which appears to be a reply brief, insists that the plaintiff must identify her legal theories, address the "jurisdictional employee headcount" and address "her requests and

communications to defendant for the basis of a request for short term disability." Dkt. No. 21 at 2. Essentially, the defendant would like the court to order the plaintiff, who does not have a lawyer representing her, to plead legal theories and the facts supporting those theories and/or to plead herself out of court. As the Seventh Circuit has explained, Rule 12(e) was not intended to be used to "turn federal civil procedure into a fact-pleading or code-pleading system." Chapman v. Yellow Cab Coop., 875 F.3d 846, 849 (7th Cir. 2017). The defendant likely has the information it seeks in its possession or it may easily obtain that information in discovery. The court will not order a *pro se* litigant to do more than the standard requires or litigate the case for the defendant.

### III. Conclusion

The court **DENIES** the defendant's motions for a more definite statement. Dkt. Nos. 20, 21.

The court **ORDERS** that the defendant shall answer or otherwise respond to the complaint on or before **June 17, 2022**. The defendant may organize its answer or responsive pleading around the paragraphs in the plaintiff's statement of claim.

Dated in Milwaukee, Wisconsin this 19th day of May, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**